UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Wei Jian Zhou,<br><br>         Plaintiff,<br><br>     - against -<br><br>Wild Rice At North Norwalk Inc. d/b/a Wild Rice Sushi & Pan Asian, Wild Rice at Norwalk, Inc. d/b/a Wild Rice Sushi & Pan Asian, Bao Di Liu, Jian Fu Zhuo, Wai Ming Li, Guang Lin, Yi Long Li.<br><br>         Defendants. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

    Plaintiff Wei Jian Zhou ("Plaintiff"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against Defendants Wild Rice At North Norwalk Inc. d/b/a Wild Rice Sushi & Pan Asian, Wild Rice at Norwalk, Inc. d/b/a Wild Rice Sushi & Pan Asian, Bao Di Liu ("Liu"), Jian Fu Zhuo ("Zhuo"), Wai Ming Li, Guang Lin ("Lin"), Yi Long Li, (collectively "Defendants") alleges and shows the Court the following:

## NATURE OF THE ACTION

    1.  Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendants' violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the minimum wage, overtime and wage payment provisions of Connecticut law, Conn.Gen.Stat. § 31-58 et seq. The Plaintiff seeks double his unpaid wages pursuant to both the FLSA and Connecticut law and his reasonable attorney's fees and costs.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

**THE PARTIES**

6. Plaintiff was, at all relevant times, an adult individual residing in Norwalk, Ct.

7. Plaintiff was employed by Defendants from March 2012 to March 7, 2016, as a delivery man at Wild Rice Sushi & Pan Asian restaurants.

8. Upon information and belief, Wild Rice Sushi & Pan Asian is located at 370 Main Avenue, Norwalk, CT 06851. Wild Rice Sushi & Pan Asian is at all relevant times an employer of Plaintiff under state and federal law.

9. Upon information and belief, Defendant Lin was an owner and manager of Wild Rice Sushi & Pan Asian restaurant. Defendant Lin was at all relevant times an employer under state and federal law. Upon information and belief, Defendant Lin is a resident of Connecticut.

10. Upon information and belief, Defendant Yi Long Li was an owner and manager of Wild Rice Sushi & Pan Asian restaurant. Defendant Yi Long Li was at all relevant times an

employer under state and federal law. Upon information and belief, Defendant Yi Long Li is a resident of Connecticut.

11. Upon information and belief, Defendant Liu is an owner and manager of Wild Rice Sushi & Pan Asian restaurant. Defendant Liu is at all relevant times an employer under state and federal law. Upon information and belief, Defendant Liu is a resident of Connecticut.

12. Upon information and belief, Defendant Zhuo is an owner and manager of Wild Rice Sushi & Pan Asian restaurant. Defendant Zhuo is at all relevant times an employer under state and federal law. Upon information and belief, Defendant Zhuo is a resident of Connecticut.

13. Upon information and belief, Defendant Wai Ming Li is an owner and manager of Wild Rice Sushi & Pan Asian restaurant. Defendant Wai Ming Li is at all relevant times an employer under state and federal law. Upon information and belief, Defendant Wai Ming Li is a resident of Connecticut.

14. Upon information and belief, Defendant Wild Rice at Norwalk Inc. was a company registered in Connecticut on Apr 1, 2009 and was dissolved in 2012. Wild Rice at Norwalk Inc. was an owner and operator of Wild Rice Sushi & Pan Asian restaurant located at 370 Main Avenue, Norwalk, CT 06851 from April 1, 2009 to August 14, 2014. Wild Rice at Norwalk Inc. was an employer of Plaintiff under state and federal law.

15. Upon information and belief, Defendant Wild Rice at North Norwalk Inc. is a company registered in Connecticut on Apr 23, 2014. Wild Rice at North Norwalk Inc. is an owner and operator of Wild Rice Sushi & Pan Asian restaurant located at 370 Main Avenue, Norwalk, CT 06851 from August 23, 2014 to the present. Wild Rice at North Norwalk Inc. is an employer of Plaintiff under state and federal law.

16. Upon information and belief, Defendants Lin, Yi Long Li, Liu, Zhuo, and Wai

Ming Li are owners, officers, shareholders, and managers of above restaurants. Upon information and belief, at all times relevant to the allegations herein, they have or had the power to hire and fire employees at the restaurants, establish their wages, set their work schedules, and maintain their employment records.

17. During the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues every year from 2012 to the present.

18. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

19. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## STATEMENT OF FACTS

20. Plaintiff was employed by Defendants from March 2012 to March 7, 2016, as a delivery man at Wild Rice Sushi & Pan Asian.

21. From March 2012 until March 31, 2014, Plaintiff was paid $1,000 per month in cash.

22. From April 1, 2014 until March 7, 2016, Plaintiff was paid $1,500 per month by check, but was required to return $500 of this sum in cash. This was done in order for Defendants to appear is if they were paying Plaintiff more than they actually were. Plaintiff was still paid $1,000.

23. Upon information and belief, Defendants paid Plaintiff in cash in order to avoid tax and insurance reporting requirements, detection of their failure to pay overtime wages, and

4

withholding and payment of applicable taxes.

24. Defendants required Plaintiff to work approximately eleven hours and fifteen minutes (11:15) per day on Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays, and approximately twelve hours and fifteen minutes (12:15) per day on Fridays. Plaintiff typically was allowed one day off per week on Saturday. This resulted in a total work week of approximately sixty eight and a half (68.5) hours.

25. Plaintiff was required to work for Defendants well in excess of forty (40) hours per week, frequently sixty eight and a half (68.5) hours per week, yet Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of forty hours per week.

26. Upon information and belief, Plaintiff did not typically receive any uninterrupted break or meal time. If work arose, Defendants required the restaurant workers to stop eating and attend to the work.

27. To deliver hot meals, Plaintiff bought a car. Plaintiff spent about $400 per month on gas, oil change, car maintenance and repair. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

28. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. §516.4.

29. Defendants, in contravention of Conn. Gen. Stat. §31-66, willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies Regs. § 31-62-El, and of regulations issued by the Labor Commissioner of the State of Connecticut.

30. Defendants, in contravention of Conn. Gen. Stat. §31-71f, willfully failed to post

a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

31. Defendants also willfully violated the provisions of Conn. Gen. Stat. §31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

32. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

33. The work performed by Plaintiff required little skill and no capital investment.

34. Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

35. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

37. Defendants willfully failed to pay Plaintiff the federal statutory minimum wage throughout his entire employment in violation of 29 U.S.C. §206(a)(1).

38. Defendants willfully failed to pay Plaintiff for all hours worked in excess of forty

hours per week for each week, in violation of 29 U.S.C. §207(a)(1).

39.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §211(c).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

41.     Defendants are jointly and severally liable to all restaurant workers for violations of their rights under federal law.

42.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## CONNECTICUT WAGE AND HOUR LAW

43.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

45.     Defendants willfully violated Plaintiff's rights by failing to pay him compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess

of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

46. Defendants willfully failed to distribute records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

47. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

48. Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies §31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut, in violation of Conn. Gen. Stat. §31-66.

49. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. §31-71f.

50. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. §31-71f.

51. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. §31-51ii(a).

52. As a result of these violations, Plaintiff suffered damages.

53. Defendants are jointly and severally liable to Plaintiff for violations of his rights under state law.

54. Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of his unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-

68(a), 31-76.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT

55. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56. Defendants collectively entered into oral, written, and/or implied contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

57. Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

58. Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

59. Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

60. Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

61. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

62. Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### FOURTH CLAIM FOR RELIEF:
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

63. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. Defendants collectively entered into written and/or oral contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

65. Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

66. Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

67. Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

68. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

69. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

70. Plaintiff is entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

### FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT & QUANTUM MERUIT

71. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72. By laboring at Defendants' two restaurants, Plaintiff provided benefits to Defendants.

73. Plaintiff expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct

detriment to the Plaintiff.

74. Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

### SIXTH CLAIM FOR RELIEF:
### FAILURE TO REIMBURSE EXPENSES RELATING TO TOOLS OF THE TRADE

75. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein

76. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

77. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, $400 per month on gas, oil change, car maintenance and repair. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

78. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the CMWA;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of overtime compensation and minimum wages due under the FLSA and the CMWA;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C §216 and the CMWA;

e. An award of damages arising out of the non-payment of wages;

f. An award of prejudgment and post-judgment interest;

g. Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York  March 24, 2016      HANG & ASSOCIATES, PLLC.


 */S/ JIAN HANG*
Jian Hang (ct29549)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Wild Rice At North Norwalk Inc. d/b/a Wild Rice Sushi & Pan Asian, Bao Di Liu, Jian Fu Zhuo, Wai Ming Li and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Weijian Zhou*
Full Legal Name (Print)

*Weijian Zhou*
Signature

3/23/16
Date